UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mechelle Singleton,

Plaintiff

v.

Children Services, *et al.*,

Defendants

Case No. 3:26-cv-726

MEMORANDUM OPINION
AND ORDER

## Background

*Pro se* Plaintiff Mechelle Singleton has filed an *in forma pauperis* civil complaint in this case against multiple Defendants, including the City of Toledo Police, the City of Holland Police Department, and the City of Toledo Children's Services. (Doc. No. 1.) Her complaint is virtually incomprehensible and does not set forth cogent factual allegations or legal claims against any of the Defendants. As best as I am able to discern, she contends her rights were violated in connection with her arrest and the removal of children from her custody. But her pleading consists of an amalgam of conclusory or incomprehensible statements and legal assertions unconnected to cogent underlying facts and legal claims.

## Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief against the defendant that is plausible on its

face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002).

Further, although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the generous construction afforded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Upon review, I find that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B). Even liberally construed, the statements and allegations set forth in her complaint are so incomprehensible, convoluted, or conclusory that they fail to meet basic federal pleading requirements or raise a right to relief, on any federal claim against any Defendant, above a speculative level. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, the doctrine of *res judicata* bars duplicative litigation based on the same event or events and precludes a plaintiff from filing a federal civil rights action to litigate matters that already have been decided, or could have been raised, in state-court proceedings. *See Montana v. United States*, 440 U.S. 147 (1979); *Allen v. McCurry*, 449 U.S. 90, 94-97 (1980). Plaintiff has already filed a lawsuit challenging her arrest and the removal of children in state court against the City of Toledo

and others. *See Singleton v. City of Toledo, et al.*, No. Cl 2025-03879 (Lucas Cty. Ct. of Comm. Pls.). To the extent the state court action has been concluded, her present action challenging the same matters is barred by *res judicata*.

**Conclusion**

Accordingly, Plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the foregoing reasons, her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). I further certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge